# Calculating Rate of Pay of Department of Justice Employees for Purposes of "Covered Persons" Determination Under Independent Counsel Act

The term "rate of pay" in the section of the Independent Counsel Act that indicates which Department of Justice employees are "covered persons" does not include "locality-based comparability payments" under 5 U S.C § 5304.

April 2, 1997

MEMORANDUM OPINION FOR THE ACTING DEPUTY ATTORNEY GENERAL

Under 28 U.S.C. § 591(b)(4) (1994), the class of "covered persons" subject to investigation by an Independent Counsel includes "any individual working in the Department of Justice who is compensated at a rate of pay at or above level III of the Executive Schedule under section 5314 of title 5." You have asked whether the term "rate of pay" in this section includes "[l]ocality-based comparability payments" under 5 U.S.C. § 5304 (1994). We conclude that it does not.

Under provisions in the Ethics in Government Act of 1978, Pub. L. No. 95–521, § 601, 92 Stat. 1824, 1867 (codified as amended at 28 U.S.C. §§ 591–599 (1994 & Supp. II 1996)) ("Act" or "Independent Counsel Act"), an Independent Counsel may be appointed to investigate alleged crimes by certain high-level officials of the government.[1] In some instances, the officials subject to such investigations are identified by their level of pay. The Act reflects the judgment that, in the Department of Justice, officials whose rate of pay equals or exceeds Level III of the Executive Schedule "are those . . . closest to the Attorney General and the President and would, therefore, present the most serious conflict of interest of an institutional nature if the Department of Justice were to have to investigate and prosecute serious criminal allegations against any of these individuals." S. Rep. No. 95–170, at 53 (1977). The "covered persons" include the Deputy Attorney General, the Associate Attorney General, and the Solicitor General. See 5 U.S.C. § 5313 (1994 & Supp. II 1996); id. § 5314. The Act also specifies that the Assistant Attorneys General are "covered persons," even though they are paid less than the amount for Level III. See 28 U.S.C. § 591(b)(4); 5 U.S.C. § 5315.

The Act, however, does not make clear whether the "rate of pay" that identifies officials subject to investigation by an Independent Counsel refers to (1) total pay, including locality-based adjustments, or (2) "basic pay," exclusive of such

---

[1] The application of the Act to high-level officials is sometimes called the "mandatory coverage" of the Act See, e.g , S Rep. No 103–101, at 19 (1993), reprinted in 1994 U S C C A N 748, 763 ("Senate Report") The Act also allows the Attorney General to seek appointment of an Independent Counsel where she "determines that an investigation or prosecution of a person by the Department of Justice may result in a personal, financial, or political conflict of interest," 28 U S C § 591(c)(1) (1994), or where the allegation is against a member of Congress, id § 591(c)(2)

adjustments. If locality-based adjustments are excluded, officials in the Senior Executive Service are not "covered persons." The rate of pay for such officials, excluding locality-based adjustments, can be no higher than $115,700 a year, but the benchmark for coverage — Level III of the Executive Schedule — is a yearly pay rate of $123,100. *See* Exec. Order No. 13033, 61 Fed. Reg. 68,987, 68,992 (1996). On the other hand, if locality-based adjustments are included, officials in the top three levels of the Senior Executive Service (ES–4, ES–5, and ES–6) could become "covered persons," depending on the area of the country where they work.[2]

We believe that locality-based adjustments do not count as part of the "rate of pay" under 28 U.S.C. § 591. When Congress provided for locality-based pay in the Federal Employees Pay Comparability Act of 1990, 5 U.S.C. § 5304(d)(1)(A), it aimed at "pay parity, between Federal employees and their nonfederal counterparts on a locality-by-locality basis." H.R. Conf. Rep. No. 101–906, at 87 (1990) (calling for comparison with the "rates of pay generally paid to non-Federal workers for the same levels of work within each pay locality"). A locality-based adjustment, therefore, corresponds to the supply-and-demand conditions in the particular location, rather than the importance of the official receiving the adjustment or his or her closeness to the Attorney General. As a consequence, interpreting "rate of pay" to include locality-based adjustments would distort the design of the Act. Persons otherwise not covered by the Act would become "covered persons" as a result of the location where they work, rather than the position they occupy. Such a result would not only fail to serve the purposes of the Act, but would actually be contrary to them as well. A *higher*-level official, paid as an ES–6 and working in an area to which a specific locality-based adjustment would not be applicable, would not be a "covered person," while a *lower*-level official, paid as an ES–4 and (for example) working in Houston, would be "covered."[3]

Inclusion of locality-based adjustments *is* also inconsistent with Congress's apparent intent, insofar as it can be discerned from the legislative history. When Congress most recently reauthorized the Independent Counsel Act in 1994, it assumed that approximately fifty officials would come within the mandatory coverage of the Act. Senate Report at 19, *reprinted in* 1994 U.S.C.C.A.N. at 764. If locality-based adjustments were included in the "rate of pay" under 28 U.S.C. § 591, the number of additional "covered persons" in the Federal Bureau of Investigation alone would double the total in the government as a whole otherwise reached by the Act. *See* Memorandum for Michael R. Stiles, United States

---

[2] For example, an official paid as an ES–4 who lived in the area of Houston-Galveston-Brazoria, Texas, would receive a locality-based increase of 11 52 percent, which would bring his or her salary to approximately $124,790. This amount would exceed the $123,100 benchmark Exec Order No 13033, 61 Fed Reg. at 68,996

[3] At present, there is a locality-based comparability adjustment of 4.81 percent for all parts of the United States not covered by specific adjustments. *See* Exec Order No 13033, 61 Fed. Reg at 68,996 However, an official paid at the ES–6 level who benefits from this general adjustment would still be making less than the Level III benchmark.

Attorney, and H. Marshall Jarrett, Chief, Criminal Division, from Steven W. Pelak and Carol Fortine, Assistant United States Attorneys, *Re: Additional Information Regarding the Scope of the Independent Counsel Statute* at 3 (Mar. 18, 1997). Such a broad sweep would be inconsistent with Congress's understanding.

We appreciate that there is a reasonable argument on the other side. Congress adopted the phrase "rate of pay," rather than "rate of basic pay," a term of art specifically meaning "the rate of pay . . . before any deductions and exclusive of additional pay of any other kind, such as locality-based comparability payments." 5 C.F.R. § 534.401(b)(3) (1996). Elsewhere, Congress has distinguished between "rate of basic pay" and "total" pay, including comparability payments, *see* 5 U.S.C. § 5304(g)(1), or, where it has wanted to include locality-based adjustments as part of "basic pay" for specific purposes, such as retirement and insurance, has done so expressly, *see id.* § 5304(c)(2). By not employing the term "rate of basic pay," but using "rate of pay" instead, Congress arguably meant to include comparability payments in determining the coverage of the Act. Indeed, when Congress set up the current system of locality-based comparability adjustments, it expressly provided that the post-employment restrictions dictating a one-year "cooling off" period would apply to (among others) persons "employed in a position . . . for which the basic rate of pay, exclusive of any locality-based pay adjustment," is above a specified level. 18 U.S.C. § 207(c)(2)(A)(ii) (1994 & Supp. II 1996). It enacted no such amendment to the Independent Counsel Act. Furthermore, the Act uses "rate of pay" as a proxy for closeness to the Attorney General, and because salary does not necessarily reflect this closeness, the fit between the statute's standard and its purpose already is imprecise. Therefore, although inclusion of locality-based pay might make the fit even less precise, this difference would be a matter of degree, rather than kind.

We nevertheless believe that, on the better view, locality-based pay should be excluded. The Act has contained the "rate of pay" language since its original passage in 1978. At that time, the provisions establishing a "pay comparability system," *see* 5 U.S.C. §§ 5301–5308 (1976), stated that "[p]ay may not be paid, by reason of any provision of this subchapter, at a rate in excess of the rate of basic pay for level V of the Executive Schedule," *id.* § 5308; *see also* Legislative Branch Appropriation Act, 1979, Pub. L. No. 95–391, § 304, 92 Stat. 763, 788–89 (1978). Under those provisions, therefore, an official's salary could not rise to the level at which the Act would apply. Although Congress could have clarified the issue by using the "rate of basic pay" formulation in the 1994 reauthorization (or earlier in the statute creating the current system of locality-based comparability adjustments), it does not appear to have focused on this matter,[4] and the legislative history (as discussed above) shows an understanding of the Act's coverage that

---

[4] The only consideration of locality-based adjustments during the passage of the 1994 reauthorization appears in connection with an amendment to the section on the pay of staff in an Independent Counsel's office. 28 U S C § 594(c).

is more consistent with the interpretation we adopt than with the contrary one. We therefore do not believe that much weight can rest on the failure to use the "rate of basic pay" language [5] or that any fair inference against our conclusion can be drawn from amendments of other statutes making clear that locality-based comparability adjustments are, for particular purposes, to be disregarded. Furthermore, although the use of pay as a measure of closeness to the Attorney General is necessarily inexact, inclusion of locality-based pay in the "rate of pay" would greatly magnify the imprecision. An additional extraneous factor — geography — would become relevant, and officials at lower pay grades would come within the Act while others at higher grades would remain outside it. We thus believe that the argument for including locality-based pay, while reasonable, is ultimately less than persuasive.

RICHARD L. SHIFFRIN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[5] *See also* Treasury, Postal Service and General Government Appropriations Act, 1991, Pub L No 101–509, § 101(c)(1)(B), 104 Stat 1389, 1442 (using "rate of pay" to refer to pay under the General Schedule *excluding* locality-based adjustments)